## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

|  |  |
|---|---|
| GEORGE HAINES, | : |
| | : Civil Action No.: _____ |
| Plaintiff, | : |
| v. | : |
| | : |
| CAINE & WEINER COMPANY, INC.; and Does 1-10, inclusive, | : **COMPLAINT** |
| | : |
| Defendant. | : |
| | : |

For this Complaint, the Plaintiff, GEORGE HAINES, by undersigned counsel, states as follows:

### JURISDICTION

1.     This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the harassment of Plaintiff by the Defendant and its agents in their illegal efforts to collect a consumer debt.

1.     Further, Defendant negligently, knowingly, and/or willfully placed automated calls to Plaintiff's cellular phone in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA").

2.     Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367 and this Court has original jurisdiction over Plaintiff's TCPA claims. *Mims v. Arrow Fin. Serv., LLC*, 132 S.Ct. 740 (2012).

3.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) &

(c), because Plaintiff resides within the District of Nevada, a substantial portion of

the events or omissions giving rise to the claim occurred in this District, and

Defendant regularly conducts business in this District.

## PARTIES

4.      The Plaintiff, GEORGE HAINES ("Plaintiff"), is an adult individual

residing in Las Vegas, Nevada, and is a "consumer" as the term is defined by 15

U.S.C. § 1692a(3).

5.      Defendant CAINE & WEINER COMPANY, INC. ("C&W"), is

doing business in the State of Nevada as a business entity operating as a collection

agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.      Does 1-10 (the "Collectors") are individual collectors employed by

C&W and whose identities are currently unknown to the Plaintiff.  One or more of

the Collectors may be joined as parties once their identities are disclosed through

discovery.

7.      C&W at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS
### The Debt

8.      Plaintiff allegedly incurred a financial obligation (the "Debt") to

Arrowhead Waters (the "Creditor").

9.      The Debt arose from services provided by the Creditor which were

2

primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.     The Debt was purchased, assigned or transferred to C&W for collection, or C&W was employed by the Creditor to collect the Debt.

11.     The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### C&W Engages in Harassment and Abusive Tactics
### FACTS

12.     Within the four years prior to filing the instant complaint, Plaintiff began receiving auto dialed phone calls to his cellular phone from C&W.

13.     On or about June 13, 2013, C&W called Plaintiff's cellular phone (the "June 13 Call"). However C&W failed to communicate the "mini miranda" and failed to advise Plaintiff that C&W was attempting to collect the Debt during the June 13 Call, in violation of 15 U.S.C. § 1692e(11).

14.     Further, during the June 13 Call C&W's representative incorrectly advised the Plaintiff that he owed $206.21 on past due balance owed to Creditor.

15.     The Plaintiff did not owe $206.21 at the time of the June 13 Call to Creditor or any other entity collecting the Debt.

16.     Plaintiff advised C&W's representative that he did not owe the Debt and C&W's representative "hung up" on the Plaintiff.

3

17.     Also, on or about June 10, 2013, C&W mailed the Plaintiff a collection letter (the "Collection Letter") wherein C&W demanded payment of $206.16.

18.     The Collection Letter deceptively threatened to publish inaccurate information to credit reporting agencies, and C&W threatened:

> **...[Y]ou are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency...**

19.     At the time C&W mailed the Collection Letter, Plaintiff did not owe the Debt.

20.     C&W's threats to report negative credit information was accordingly an impermissible and illegal attempt to the collect the Debt.

### Plaintiff Suffered Actual Damages

21.     The Plaintiff has suffered and continues to suffer actual damages as a result of C&W's unlawful conduct.

22.     As a direct consequence of C&W's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

### Respondeat Superior Liability

23.     The acts and omissions of C&W, and the other debt collectors employed as agents by C&W who communicated with Plaintiff as more further

4

described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant C&W.

24.     The acts and omissions by C&W and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by C&W in collecting consumer debts.

25.     By committing these acts and omissions against Plaintiff, C&W and these other debt collectors were motivated to benefit their principal, Defendant C&W.

26.     C&W is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and Nevada tort law, in their attempts to collect a debt from Plaintiff.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991

27.     In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

28.     The TCPA regulates, among other things, the use of automated telephone dialing systems.

29.     47 U.S.C. § 227(a)(1) defines an automatic telephone dialing system ("ATDS") as equipment having the capacity –

     (A)    to store or produce telephone numbers to be called, using a random or sequential number generator; and

     (B)    to dial such numbers.

30.    Specifically, 47 U.S.C. § 227(1)(A)(iii) prohibits any call using an ATDS or an artificial or prerecorded voice to a cellular phone without prior express consent by the person being called, unless the call is for emergency purposes.

31.    According to findings by the Federal Communications Commission ("FCC"), such calls are prohibited because automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls.  The FCC also recognized that wireless customers are charged for incoming calls.[1]

32.    On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded calls to a wireless number by a creditor, or on behalf of a creditor, are permitted only if the calls are made with the "prior express consent" of the called party.[2]

## ALLEGATIONS APPLICABLE TO ALL TCPA COUNTS

33.    Upon information and belief, Defendant employs an ATDS which meets the definition set forth in 47 U.S.C. § 227(a)(1).

---

[1] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).
[2] *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 F.C.C.R. 559, 23 FCC Rcd 559, 43 Communications Reg. (P&F) 877, 2008 WL 65485 (F.C.C.) (2008).

34.   Within the period of four year prior to filing the instant complaint, Defendant has repeatedly contacted Plaintiff on Plaintiff's cellular telephone using an "artificial or prerecorded voice" as defined by 47 U.S.C. § 227(b)(1)(A).

35.   The telephone number that Defendant used to contact Plaintiff was and is assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

36.   Pursuant to the contract with his cellular service provider, Plaintiff is charged for incoming calls made to his cellular telephone.

37.   Defendant did not have prior express consent to place automated or prerecorded calls to Plaintiff on his cellular telephone.

38.   Defendant's calls to Plaintiff's cellular telephone were not for "emergency purposes."

39.   Pursuant to the TCPA and the FCC's January 2008 Declaratory Ruling, the burden is on Defendant to demonstrate that it had prior express consent to call Plaintiff's cellular phone with an ATDS using a prerecorded voice.

## COUNT I
## VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, et seq.

40.   The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

41.   The Defendants' conduct violated 15 U.S.C. § 1692d in that

7

Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

42.     The Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants engaged in false, deceptive or misleading behavior in connection with the collection of a debt by threatening to take legal action, which it could not carry out.

43.     The Defendants' conduct violated 15 U.S.C. § 1692e(2) in that Defendants misrepresented the amount of the Debt owed by Plaintiff and attempted to have Plaintiff pay more than the Debt owed to Creditor.

44.     The Defendants' conduct violated 15 U.S.C. § 1692e(8) in that Defendants threatened to communicate false credit information in an attempt to collect the Debt.

45.     The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed various false representations and deceptive means to collect a debt.

46.     The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt and attempted to humiliate and belittle Plaintiff.

47.     The Defendants' conduct violated 15 U.S.C. § 1692f(1) in that Defendants attempted to collect an amount not authorized by the agreement

between Plaintiff and Creditor.

48.    The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

49.    The Plaintiff is entitled to damages as a result of Defendants' violations.

50.    The Plaintiff has been required to retain the undersigned as counsel to protect his legal rights to prosecute this cause of action, and is therefore entitled to an award or reasonable attorneys' fees plus costs incurred.

## COUNT II.

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

51.    Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

52.    Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**

> 15 U.S.C. § 1692(a) (emphasis added).

53.    Congress further recognized a consumer's right to privacy in financial

9

data in passing the Gramm Leech Bliley Act, which regulates the privacy of

consumer financial data for a broad range of "financial institutions" including debt

collectors albeit without a private right of action, when it stated as part of its

purposes:

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

54.     Defendants and/or their agents intentionally and/or negligently

interfered, physically or otherwise, with the solitude, seclusion and or private

concerns or affairs of this Plaintiff, namely, by repeatedly and unlawfully

attempting to collect a debt and thereby invaded Plaintiff's privacy.

55.     Plaintiff had a reasonable expectation of privacy in Plaintiff's

solitude, seclusion, private concerns or affairs, and private financial information.

56.     The conduct of these Defendants and their agents, in engaging in the

above-described illegal collection conduct against this Plaintiff, resulted in

multiple intrusions and invasions of privacy by these Defendants which occurred in

a way that would be highly offensive to a reasonable person in that position.

57.     As a result of such intrusions and invasions of privacy, Plaintiff is

entitled to actual damages in an amount to be determined at trial from each

Defendant.

## COUNT III

### Negligent Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*

58.     Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

59.     Defendant negligently placed multiple automated calls using an artificial or prerecorded voice to cellular numbers belonging to Plaintiff without his prior express consent.

60.     Each of the aforementioned calls by Defendant constitutes a negligent violation of the TCPA.

61.     As a result of Defendant's negligent violations of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

62.     Additionally, Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct by Defendant in the future.

## COUNT IV

### Knowing and/or Willful Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*

63.     Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

64.     Defendant knowingly and/or willfully placed multiple automated calls using an artificial or prerecorded voice to cellular numbers belonging to Plaintiff without his prior express consent.

65.     Each of the aforementioned calls by Defendant constitutes a knowing and/or willful violation of the TCPA.

66.     As a result of Defendant's knowing and/or willful violations of the TCPA, Plaintiff is entitled to an award of treble damages up to $1,500.00 for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

67.     Additionally, Plaintiff is entitled to seek injunctive relief prohibiting such conduct by Defendant in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants awarding the Plaintiff:

## COUNT I.

## VIOLATIONS OF 15 U.S.C. § 1692

1. for actual damages including, but not limited to, the emotional distress the Plaintiff has suffered (and continues to suffer) as a result of the intentional, reckless, and/or negligent FDCPA violations pursuant to 15

U.S.C. § 1692k(a)(1);

2. for statutory damages of $1,000.00 pursuant to 15 U.S.C.

§1692k(a)(2)(A);

3. for punitive damages; and

4. for any other and further relief that the Court may deem just and proper.

## COUNT II.

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

1. for an award of actual damages from each and every Defendant for the emotional distress suffered as a result of the intentional and/or negligent invasions of privacy in an amount to be determined at trial and for Plaintiff; and

2. for such other and further relief as may be just and proper.

## COUNTS III AND IV

## Negligent Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*

1. Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

2. Statutory damages of $500.00 for each and every call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);

3. Treble damages of up to $1,500.00 for each and every call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(C);

4. An award of attorney's fees and costs to counsel for Plaintiff; and

5. Such other relief as the Court deems just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: June 21, 2013

Respectfully submitted,

By  /s/ David H. Krieger, Esq.

David H. Krieger, Esq.
Nevada Bar No. 9086
HAINES & KRIEGER, LLC
5041 N. Rainbow Blvd.
Las Vegas, Nevada 89130
Phone: (702) 880-5554
FAX: (702) 385-5518
Email: dkrieger@hainesandkrieger.com

Attorney for Plaintiff
*GEORGE HAINES*